**FILED**

DEC 22 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

RICHARD ALLEN COPE, Pro Se         24177-034

_(Enter above the full name of the plaintiff or plaintiffs in this action)._   _(Inmate Reg.# of each Plaintiff)_

5:05-1175

**VERSUS**      CIVIL ACTION NO. T.B.A.
_(Number to be assigned by Court)_

CHARLES T. FELTS, WARDEN, et al.,
JERRI KIRKLAND, HEALTH SERVICES ADMINISTRATOR,
DR. DOMINIQUE, D.O., CLINICAL DIRECTOR,
KENNETH KAISER, PHYSICIAN ASSISTANT,
SCOTT ROSE, PHYSICIAN ASSISTANT,
SHERRI TAYLOR, PHYSICIAN ASSISTANT,
RICHARD W. SCHOTT, MID-ATLANTIC REGIONAL COUNSEL,

_(Enter above the full name of the defendant or defendants in this action)._ HARRELL WATTS, ADMINISTRATOR, BUREAU OF PRISONS, CENTRAL OFFICE, AND JOHN DOE,    Defendants.

## COMPLAINT

**I.     Previous Lawsuits**

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes  XXX    No ____

II. **Place of Present Confinement:** FEDERAL CORRECTIONAL INSTITUTION-BECKLEY BEAVER, WV 25813

A. Is there a prisoner grievance procedure in this institution?

    Yes X    No ___

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

    Yes X    No ___

C. If your answer is YES:

  1. What steps did you take? THIS PLAINTIFF FILED ALL AVAILABLE ADMINISTRATIVE REMEDY TO THE WARDEN, REGION, & NATIONAL OFFICES. ALSO FILED TORT CLAIM.
  2. What was the result? ALL REMEDIES & TORT CLAIM DENIED. EVERY AVAILABLE REMEDY HAS BEEN EXHAUSTED BY PLAINTIFF.

D. If your answer is NO, explain why not: N/A

III. **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: RICHARD ALLEN COPE, ProSe, REG. NO. 24177-034

   Address: P.O. BOX 350 PINE UNIT A/II FCI BECKLEY, BEAVER, WV 25813

B. Additional Plaintiffs and Address: _____

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

    Plaintiffs: RICHARD ALLEN COPE

    Defendants: EAST BATON ROUGE PARISH PRISON
    SHERIFF

2. Court (if federal court, name the district; if state court, name the county):

    EASTERN DISTRICT OF LOUISIANA

3. Docket Number: UNKNOWN AT THIS TIME

4. Name of judge to whom case was assigned:

    UNKNOWN AT THIS TIME

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

    DISMISSED - IS NOT PENDING

6. Approximate date of filing lawsuit: AUGUST 1998

7. Approximate date of disposition: UNKNOWN

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant CHARLES T. FELTS, WARDEN, FCI BECKLEY, BEAVER, WV

   is employed as WARDEN, FCI BECKLEY, WV, BEAVER, WV 25813

   at FCI BECKLEY, WV 25813

D. Additional defendants: JERRI KIRKLAND, HEALTH SERVICES ADMINISTRATOR
   FCI BECKLEY, WV, BEAVER, WV
   DR. DOMINIQUE McCLAIN, D.O., CLINICAL DIRECTOR, FCI BECKLEY, WV
   KENNETH KAISER, PAC, FCI BECKLEY, BEAVER, WV; SCOTT ROSE, PAC,
   FCI BECKLEY, BEAVER, WV; SHERRI TAYLOR, PAC, FCI BECKLEY, BEAVER
   WV; RICHARD W. SCHOTT, MID-ATLANTIC REGION; HARRELL WATTS, WASH D.C

IV. **Statement of Claim** INMATE NATIONAL APPEALS ADMINISTRATOR, B.O.P.

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

INMATE RICHARD ALLEN COPE ARRIVED AT FCI BECKLEY, BEAVER, WV ON MARCH 25, 1999. PLAINTIFF COPE SUFFERS FROM OSGOOD SCHLATTER'S DISEASE, CHRONIC DEGENERATIVE KNEE PROBLEMS & CHRONIC GASTROINTESTINAL DISORDER. PRIOR TO PLAINTIFF'S REDESIGNATION TO FCI BECKLEY, HE HAD BEEN INCARCERATED A FCI BUTNER, NC AND USP TERRE HAUTE, WHERE HE HAD BEEN TREATED FOR THE ABOVE DESCRIBED DISEASES, DISORDERS, & SERIOUS MEDICAL NEEDS, PLAINTIF

## IV. Statement of Claim (continued):

ARRIVED AT FCI BECKLEY WITH WELL-DOCUMENTED MEDICAL RECORDS DESCRIBING HIS KNOWN MEDICAL PROBLEMS. SINCE MARCH 25, 1999, THE ENTIRE MEDICAL STAFF NAMED IN THIS COMPLAINT REPEATEDLY EXHIBITED AN INTENTIONAL "DELIBERATE INDIFFERNCE", DELAY & DENIAL TO PLAINTIFF'S 'SERIOUS' MEDICAL NEEDS, PROBLEMS & CONCERNS IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE MEDICAL STAFF AT FCI BECKLEY HAVE ELECTED TO IGNORE RECOMMENDED SURGICAL PROCEDURES FOR PLAINTIFF BY NUMEROUS QUALIFIED ORTHOPEDIC SPECIALIST(S). OVER SEVEN YEARS HAS TRANSPIRED AND PLAINTIFF IS STILL SUFFERING FROM THE ABOVE DESCRIBED MEDICAL PROBLEMS. PLEASE SEE ATTACHED COMPLAINT FOR MORE DEFINITIVE DETAILS.

## V. RELIEF

THE ATTACHED COMPLAINT WILL GIVE THE COURT A MORE THOROUGH EXPLANATION & OVERVIEW AS TO INTENTIONAL DELIBERATE INDIFFERNCE BY STAFF.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

ISSUE A DECLARATORY JUDGMENT STATING THAT:

1. The intentional deliberate indifference and the denial of adequate medical care to plaintiff's 'serious' medical needs by defendants Felts, Kirkland, McClain, Kaiser, Rose, Taylor and Doe violated the plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Defendant Schott's actions in denying plaintiff's TORT Claim violated the plaintiff's rights under the Due Process

## V. Relief (continued)

Clause of the Fifth & Fourteenth Amendment to the United States Constitution. Plaintiff's rights were additionally violated under the "deliberate indifference" of the Eighth Amendment to the United States Constitution as defendant Schott was acutely aware of the above desribed Eighth Amendment violations with respect to plaintiff's known and documented 'serious' medical needs.

SEE ATTACHED SHEET FOR FURTHER REQUESTED RELIEF

## VII. Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

ALL WORK IS PREPARED PRO SE. CORRECTIONAL OFFICERS AND STAFF AT FCI BECKLEY WILL NOT PERMIT OTHER INMATES TO ASSIST WITH LEGAL WORK.

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes ___    No X

If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

If not, state your reasons: I DO NOT POSSESS THE FUNDS NECESSARY TO RETAIN AN ATTORNEY FOR THIS COMPLAINT. HOWEVER, I HAVE CONTACTED VARIOUS LEGAL AID OFFICES WITH NEGATIVE RESULTS.

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes ___    No X

## RELIEF REQUESTED FROM PREVIOUS PAGE PART V

Defendant never reviewed TORT Claim violating the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff's rights were additionally violated under the **'deliberate indifference'** standard of the Eighth Amendment to the United States Constitution as defendant Schott was acutely aware of the above described Eighth Amendment violations with respect to Plaintiff's known 'serious' medical needs.

3. Defendant Watts' actions in conducting and reviewing the plaintiff's Administrative Remedy Appeal at the Bureau of Prisons Central Office, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Felts, Kirkland, and Dr. McClain or their agents to:

1. Immediately arrange for Plaintiff's right knee to undergo surgery or surgical procedures recommended by orthopedic surgeons over the past seven years. Said surgery or surgical procedures to be completed by a local orthopedic surgeon(s) at a local hospital or accredited facility;

2. Upon completion of said surgical procedure, Plaintiff will be promptly returned to FCI Beckley.

3. Immediately arrange for Plaintiff to be thoroughly examined by a gastrointestinal specialist or local medical practitioner who specializes in the practice of internal medicine;

# RELIEF REQUESTED FROM PREVIOUS PAGE PART V

C.  Award compensatory damages in the following amounts:

    1. $5,000,000 jointly and severally against defendants Felts, Kirkland, McClain, Kaiser, Rose, Taylor and Doe for the physical and emotional injuries sustained as a result of the intentional deliberate indifference to Plaintiff's known and well-documented serious medical needs, i.e. Osgood Schlatter's disease, chronic degenerative right knee, and the delay and denial in providing adequate medical care to Plaintiff's chronic gastrointestinal disorder by a specialist in this field of medicine.

    2. $100,000 against defendant Schott for the physical and emotional injuries resulting from his failure to properly examine, evaluate and grant Plaintiff's TORT Claim, which has resulted in a denial of due process and deliberate indifference to Plaintiff's well-documented 'serious' health concerns, medical needs, and denial of adequate medical care and treatment.

    3. $100,000 against defendant Watts for the physical and emotional injury resulting from his failure to overturn Plaintiff's filed Administrative Remedy, Case Number 340292-F1, in connection with Plaintiff's efforts to receive adequate medical care and treatment and Plaintiff's meritorious claims of intentional deliberate indifference to known medical needs by staff.

D.  Award punitive damages in the following amounts:

    1. $80,000 each against defendants Felts, Kirkland,

## RELIEF REQUESTED FROM PREVIOUS PAGE PART V

McClain, Kaiser, Rose, Taylor and Doe;
2.   $70,000 against defendant Schott;
3.   $50,000 against defendant Watts;
4.   Carry out without delay, the treatment for the Plaintiff's chronic gastrointestinal disorder, directed by such medical practitioner.

E.   **GRANT** such other relief as it may appear that Plaintiff is entitled.

If so, state the lawyer's name and address:

_N/A_

Signed this 15 day of December, 2005.

*Richard Allen Cope*
Pro se

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___DECEMBER 15, 2005___
(Date)

*Richard Allen Cope*
Signature of Movant/Plaintiff

PROSE
Signature of Attorney
(if any)