**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **RICHARD ALLEN COPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:05-01175** |
| | ) | |
| **CHARLES T. FELTS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. No. 33), Plaintiff's Motion Seeking Discovery Materials Regarding Defendants Kaiser and Taylor (Doc. No. 41) and Plaintiff's Motion to Continue to Permit Discovery (Doc. No. 59). By Standing Order filed on December 23, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 4.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 22, 2005, Plaintiff, acting *pro se* and in confinement at Federal Correctional Institute Beckley [FCI Beckley], Beaver, West Virginia, filed his Complaint in this matter claiming entitlement to relief alleging that Defendants delayed or denied him medical treatment for his chronic degenerative knee problems and chronic constipation.  (Doc. No.1) Plaintiff names the following individuals as Defendants: Charles T. Felts, Warden, FCI Beckley; Doctor Dominick McLain, Clinical Director, FCI Beckley; Jerri Kirkland, former FCI Beckley Health Services Administrator; Scott Rose, FCI Beckley Physician Assistant; Ken Kaiser, former FCI Beckley Physician Assistant; Sherry Taylor, former FCI Beckley Physician Assistant; Richard W. Schott,

Bureau of Prisons Mid-Atlantic Regional Counsel; and Harrell Watts, National Inmate Appeals Administrator.  Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief.  The undersigned construes Plaintiff's Complaint as stating a claim pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671, *et seq.*[1]

On July 15, 2006, Plaintiff filed a letter form motion to amend his Complaint seeking to name Nurse Practitioner/Physician Assistant Rowe as a Defendant.  (Doc. No. 29.) On July 28, 2006, Defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Memorandum of Law in Support.  (Doc. Nos. 32-33.) In their Memorandum of Law, Defendants contend that Plaintiff's Bivens claim must be dismissed for the following reasons: (1) Plaintiff's claims against Defendants Kaiser and Taylor must be dismissed for insufficient service of process[2]; (2) the Court lacks personal jurisdiction over Defendants Schott and Watts; (3) Defendant Taylor is a United States Public Health Service employee and is entitled to absolute immunity; (4) Defendant Felts, Watts, Schott, and Kirkland cannot be liable as supervisors on the basis of *respondeat superior*; (5) Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs; (6) Defendants are entitled to qualified immunity; and (7) Plaintiff's claims against Defendants in their official capacities are barred by the doctrine of sovereign

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)

[2] Apparently in consideration of Defendants' assertion of insufficiency of service of process respecting Defendants Taylor and Kaiser, Plaintiff filed his Motion Seeking Discovery Materials Regarding Defendants Kaiser and Taylor on August 28, 2006. (Doc. No. 41.)

immunity.  Defendants further contend that Plaintiff's FTCA claim based upon medical negligence should be dismissed because Plaintiff failed to comply with the pre-filing requirements of the West Virginia Medical Professional Liability Act.  Defendants also contend that Plaintiff is not entitled to injunctive relief.  Defendants attach as Exhibits the Declarations of Sharon Wahl, Dominick McLain, D.O., Jerri Kirkland, Richard Schott, Sherry Taylor, Charles Felts, Scotty Rose, and Ken Kaiser.  Defendants, however, do not attach copies of Plaintiff's medical records.

On August 9, 2006, November 13, 2006, and December 30, 2006, Plaintiff filed motions seeking to enlarge the time to respond to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  By Order filed on December 22, 2006, Plaintiff's motions were granted and Plaintiff was directed to file a response to Defendants' Motion by January 15, 2007.  (Doc. No. 49.)  The Court also granted Plaintiff's motion to amend his Complaint to include Nurse Practitioner/Physician Assistant Rowe as a defendant.  Additionally, the Court entered a separate Order advising Plaintiff of his right to file a response to Defendants' Motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  (Doc. No. 48.)

On December 28, 2006, Plaintiff filed a second motion for leave to file an Amended Complaint.  (Doc. No. 54.)  Plaintiff asserts that he wishes to correct the clerical errors in his original Complaint, add the United States as a Defendant, and include additional information pertaining to certain Defendants.  Plaintiff further advises that he wishes to dismiss Nurse Practitioner/Physician Assistant Rowe as a Defendant.

On December 29, 2006, Plaintiff filed a "Notice of Motion for Enlargement of Time Rule 6(b), Fed. R. Civ. P." requesting an extension of time until March 21, 2007, in which to file a response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

3

(Doc. No. 55.)  By Order filed on January 9, 2007, the undersigned, noting that this was Plaintiff's fourth request for extension of time to respond to Defendants' Motion, directed Plaintiff to file a response to Defendants' Motion by January 26, 2007.  (Doc. No. 56.)  The undersigned further advised Plaintiff that he shall have no further extensions. (Id.)

In lieu of filing a response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Plaintiff filed a Motion to Continue to Permit Discovery and an Affidavit Pursuant to Rule 56(f). (Doc. Nos. 59 and 60.)  Plaintiff essentially contends that he is unable to contest Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment because he lacks certain information which is in the sole possession of the Defendants

## ANALYSIS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, when a motion to dismiss for failure to state a claim upon which relief can be granted is founded on matters outside of the pleadings, the motion must be treated as a motion for summary judgment.  However, summary judgment is only appropriate after the nonmoving party has had "adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Gray v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)("[A] party must be afforded a 'reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted.") Plaintiff has filed a Motion to Continue to Permit Discovery and an Affidavit Pursuant to Rule 56(f)[3]

---

[3] Rule 56(f) states:

**When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

stating that he is unable to contest the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment because he lacks certain information which is in the sole possession of the Defendants. Although it is unclear what information Plaintiff believes is necessary to obtain prior to responding to Defendants' Motion, Plaintiff indicates no discovery has been permitted to this point as no Scheduling Order has been entered permitting discovery.  Regardless, Plaintiff indicates that he recently requested certain records and documents from Defendants by serving them with Interrogatories and Requests for Production.[4] Plaintiff further indicates that although Defendants attached Declarations as exhibits to their Motion, Defendants failed to provide any documentary evidence. Given the nature of Plaintiff's claims, the undersigned assumes that Plaintiff is seeking to obtain a copy of his medical records.  While it is clear that Plaintiff has obtained portions of his medical records which he has attached to various pleadings, the undersigned nevertheless has determined in view of  Plaintiff's *pro se* status, that the best course of action is to assure that Plaintiff has had access to all of his medical records and other relevant information to the extent that it is allowable under BOP Regulations. The undersigned notes that BOP Program Statement 1351.05, Section 14, sets forth a procedure by which inmates may seek to examine their medical files. Plaintiff could have utilized this procedure in lieu of or in addition to seeking discovery in this matter.

Having thoroughly considered Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and the record in this case to this point, the undersigned finds that the procedural and substantive grounds which Defendants raise in their Motion appear to be meritorious.

---

[4] The undersigned is unable to ascertain what information or records Plaintiff is seeking by way of his discovery requests because only the Certificate of Service evidencing service on Defendants has been made part of the record.

Without addressing the procedural and legal grounds raised by Defendants, the undersigned cautions Plaintiff that in view of the evidence presented thus far, it does not appear that Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical needs rises to the level of a constitutional violation. The Declarations attached to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, establish that Defendants examined Plaintiff numerous times with respect to his medical complaints.  With respect to his right knee, Plaintiff was examined by Health Services 19 times after his transfer to FCI Beckley until the present time.  With respect to his complaints of chronic constipation, Plaintiff was seen by Health Services on approximately 33 occasions, beginning around January 31, 2000.  Plaintiff has been prescribed laxatives, fiber supplements, and medications.  Health Services staff has also conducted several rectal examinations and educated Plaintiff with regard to bowel movements and dietary habits.  Additionally, Plaintiff has received two barium enemas, which were normal, three abdominal x-rays which showed no intestinal obstruction, and a colonscopy, which was normal.  In view of the evidence as presented thus far, it appears that Plaintiff simply disagrees with the prison medical staff's treatment of his conditions.  Plaintiff's belief that surgery or other treatment should have been provided does not establish deliberate indifference on the part of prison staff, as disagreements over the appropriate course of treatment do not rise to the level of a constitutional violation.  See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)(inmate and physician's disagreement over proper medical care does not state a constitutional claim unless exceptional circumstances are alleged). Additionally, the undersigned finds Defendants' claims that (1) *in personam* jurisdiction is lacking respecting Defendants Shott and Watts, (2) Defendant Taylor is entitled to absolute immunity, (3) Plaintiff has failed to comply with the West Virginia Professional Liabilities Act, and (4) Plaintiff is not entitled

to injunctive or declaratory relief appear to be meritorious. Despite Plaintiff's apparent inability to defeat Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, the undersigned finds, as mentioned above, in view of Plaintiff's *pro se* status, that Plaintiff should be allowed limited discovery. Specifically, the undersigned finds that Plaintiff should be permitted (1) access to and/or a copy of his medical file and (2) information respecting Defendant Kaiser's employment at FCI Beckley to the extent that it might present an absolute immunity defense. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be denied as premature to be reinstated at an appropriate time after Plaintiff has had an opportunity to examine and/or obtain documents relevant to his claims with Defendants thereafter being entitled to supplement their Motion and Plaintiff being entitled to respond.

## <u>PROPOSAL AND RECOMMENDATION</u>

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings of fact and **RECOMMENDS** that the Court **DENY** Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 33) as premature in view of Plaintiff's Affidavit Pursuant to Rule 56(f), and refer this matter back to the undersigned for further proceedings. The undersigned will issue a separate Order respecting Plaintiff's Motion Seeking Discovery Materials Regarding Defendants Kaiser and Taylor (Doc. No. 41) and Motion to Continue to Permit Discovery (Doc. No. 59).

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule

6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, United States District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff who is acting *pro se.*

Date: February 26, 2007.

R. Clarke VanDervort
United States Magistrate Judge