IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **RICHARD ALLEN COPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:05-1175** |
| ) | |
| **CHARLES T. FELTS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are Defendant Jeffrey Rowe's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Document No. 64.), Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction (Document No. 82.) and Plaintiff's Affidavit for Entry of Default (Document No. 86.).[1] Having conducted a thorough examination of the record, the undersigned hereby respectfully recommends that Defendant Rowe's Motion to Dismiss be granted and Plaintiff's Motions for Temporary Restraining Order and a Preliminary Injunction and for Default Judgment be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 22, 2005, Plaintiff, acting *pro se* and in confinement at Federal Correctional Institute [FCI] Beckley, Beaver, West Virginia, filed his Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to <u>Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671, *et*

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

*seq*. (Document No. 1.) Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment of the United States Constitution by denying him adequate medical treatment for his chronic degenerative right knee problems, chronic constipation and chronic gastrointestinal disorder. Plaintiff further alleges that FCI Beckley staff elected to ignore recommended surgical procedures on his right knee which were recommended by numerous qualified orthopedic specialists. Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief. On July 15, 2006, Plaintiff filed a letter form motion to amend his Complaint to name as a Defendant Nurse Practitioner/Physician Assistant Rowe. (Document No. 29.)

On July 28, 2006, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Memorandum of Law in Support. (Document Nos. 31 - 32.) In their Memorandum of Law in support of their Motion, Defendants contended that Plaintiff's Complaint must be dismissed for the following reasons: (1) Plaintiff's claims against Defendant Kaiser and Taylor should be dismissed for insufficient service of process; (2) Plaintiff's claims against Defendants Schott and Watts should be dismissed for lack of *in personam* jurisdiction; (3) Plaintiff's claims against Defendant Taylor should be dismissed because she is a United States Public Health Service employee and is entitled to absolute immunity; (4) Plaintiff's claims against Defendant Felts, Watts, Schott, and Kirkland must be dismissed because they had no personal involvement in the medical decisions regarding the care of Plaintiff and therefore there exists no basis, legally or factually, for concluding that they may be liable on the basis of their supervisory liability; (5) Plaintiff cannot establish that Defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment; (6) Plaintiff's claims against Defendants should be dismissed because they are entitled to qualified immunity because their conduct was within the scope

of their employment; (7) Plaintiff's claims against the Defendants in their official capacities are barred by the doctrine of sovereign immunity; and (8) Defendants further contended that Plaintiff's FTCA claim based upon medical negligence should be dismissed because Plaintiff failed to comply with the pre-filing requirements of the West Virginia Medical Professional Liability Act. Defendants attach as Exhibits the Declarations of Sharon Wahl, Dominick McLain, D.O., Jerri Kirkland, Richard Schott, Sherry Taylor, Charles Felts, Scotty Rose, and Ken Kaiser.

On August 9, 2006, November 13, 2006, and December 30, 2006, Plaintiff filed Motions seeking to enlarge the time to respond to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. By Order filed on December 22, 2006, Plaintiff's Motions were granted, and Plaintiff was directed to file a Response to Defendants' Motion by January 15, 2007. (Document No. 49.) Plaintiff was further permitted to amend his Complaint to include Nurse Practitioner/Physician Assistant Rowe as a Defendant. (Id.) The Court also entered a separate Order advising Plaintiff of his right to file a Response to Defendants' Motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Document No. 48.)

On December 28, 2006, Plaintiff filed a second motion for leave to file an Amended Complaint. (Document No. 54.) Plaintiff asserted that he wished to correct the clerical errors in his original Complaint, add the United States as a Defendant, and include additional information regarding the Defendants' responsibilities. Plaintiff further advised that he wished to dismiss Nurse Practitioner/Physician Assistant Rowe as a Defendant. The undersigned granted Plaintiff's Motion to Amend and Plaintiff's Amended Complaint was filed on August 31, 2007. (Document Nos. 93 and 94.)

On December 29, 2006, Plaintiff filed a Notice of Motion and Motion for Enlargement of Time Rule 6(b), Fed. R. Civ. P. requesting an extension of time until March 21, 2007, in which to

3

file a Response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Document No. 55.) By Order filed on January 9, 2007, the undersigned, noting that this was Plaintiff's fourth request for extension of time to respond to Defendants' Motion, directed Plaintiff to file a response to Defendants' Motion by January 26, 2007. (Document No. 56.) The undersigned further advised Plaintiff that he would be entitled to no further extensions. (Id.)

In lieu of filing a response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Plaintiff filed a Motion to Continue to Permit Discovery and an Affidavit Pursuant to Rule 56(f) on January 25, 2007. (Document Nos. 59 - 60.) Plaintiff contended that discovery is needed in order for him to be able to appropriately respond to Defendants' Motion.

On February 26, 2007, the undersigned filed Proposed Findings and Recommendation that the District Court determine that "Plaintiff should be allowed limited discovery. Specifically, the undersigned finds that Plaintiff should be permitted (1) access to and/or a copy of his medical file and (2) information respecting Defendant Kaiser's employment at FCI Beckley to the extent that it might present an absolute immunity defense." The undersigned recommended that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment should be denied as premature. (Document No. 62, p. 7.) The undersigned filed an Order requiring Defendants to provide Plaintiff with information and access to or a copy of his medical records. (Document No. 63.)[2] The District Court adopted the undersigned's findings and recommendation on March 19, 2007. (Document No. 67.)

On March 5, 2007, Defendant Rowe filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Memorandum in Support. (Document Nos. 64 and 65.) Defendant Rowe

---

[2] The record reflects that Defendants complied with the Court's Order. (Document Nos. 68 and 71.)

asserts that he is a Commissioned Officer in the United States Public Health Service and has absolute immunity from suit based upon conduct in the course of his employment under 42 U.S.C. § 233(a). On March 6, 2007, the Court advised Plaintiff of his right to file a Response to Defendant Rowe's Motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Document No. 66.) Plaintiff filed a Response in Opposition to Defendant Rowe's Motion, an Affidavit and a Memorandum in Support (Document Nos. 72 - 74.) Plaintiff essentially agrees that Defendant Rowe should be dismissed as a party to this action as Defendant Rowe has been replaced by the United States.

On July 24, 2007, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, and Affidavit and a Memorandum in Support. (Document Nos. 82, 83 and 85.) Plaintiff requests that the District Court grant a temporary restraining order requiring defendants . . . to arrange for an examination and a plan of treatment by a qualified specialist, and grant a preliminary injunction requiring the defendants to carry out that plan of treatment." (Document No. 82.)

On August, 24, 2007, Plaintiff filed an Affidavit for Entry of Default Judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Document No. 86.) Plaintiff asks the District Court "to enter default against defendants for their failure and refusal to answer all discovery requests under the rules of discovery." Plaintiff states that he served written discovery upon Defendants in January, 2007, and received a letter indicating that discovery had not commenced in this case and his discovery requests were premature. Plaintiff indicates that Defendant provided him with the documents and information as the undersigned required in the Order (Document No. 63.)

## **DISCUSSION**

### A. **Defendant Rowe's Motion to Dismiss or for Summary Judgment.**

Plaintiff indicated that he wished to make Defendant Rowe a Defendant in this matter (Document No. 29.) and then indicated that he did not (Document No. 54, ¶ 4.J.). In responding to

Defendant Rowe's Motion, Plaintiff essentially agrees that Defendant Rowe should not be a party in this matter; rather, the United States should. Plaintiff is correct. Defendant Rowe is a Commissioned Officer in the United States Public Health Service and is therefore entitled to absolute immunity. The United States Supreme Court identified two circumstances under which Bivens actions may be foreclosed in Carlson v. Green, 446 U.S. 14, 18-19, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). The Supreme Court stated that "[t]he second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." Id. Courts have found that 42 U.S.C. § 233(a) contains such a declaration. See Cuoco v. Moritsugu, 222 F.3d 99, 107 (2nd Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 238573, *1 (E.D.N.C. Mar. 21, 2003). The statute provides as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 . . . for damages for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

Congress has made proceeding under the Federal Tort Claims Act for injuries resulting from the performance of medical functions within the scope of Defendant Rowe's employment the only course available. Accordingly, to the extent that Plaintiff has wished to claim that Defendant Rowe is personally liable in this action, his claim is not cognizable, and Defendant Rowe's Motion to Dismiss must be granted.

  **B. Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction.**

By his Motion for Temporary Restraining Order and a Preliminary Injunction (Document No.

82.), Plaintiff requests that the District Court issue "a temporary restraining order and a preliminary injunction to ensure that he receives necessary medical care . . .."

Generally, in considering whether to issue an injunction, the District Court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977). Proper balancing of the hardships requires the District Court to weigh the relative importance of four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;
(2) the likelihood of harm to the defendant if the requested relief is granted;
(3) the likelihood that the plaintiff will succeed on the merits; and
(4) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (*quoting* Rum Creek Coal Sales, Inc., v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991)). Consideration of the first two factors is the first step in the analysis. Blackwelder, 550 F.2d at 196. If the District Court concludes that the balance of the potential hardships favors the Plaintiff, then "it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success." Id. When injunctive or prospective relief is requested in the context of allegations that prison conditions violate constitutional rights, 18 U.S.C. § 3626 requires that the District Court focus its attention on additional factors in assessing whether such relief is appropriate and, if so, ordering it. 18 U.S.C. § 3626(a)(1)(A) states when prospective relief is appropriate with respect to prison conditions as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

The right to injunctive relief with respect to prison conditions must clearly be predicated upon a finding that a federal constitutional right has likely been violated.

      The undersigned finds that Plaintiff intends to state a Bivens claim that Defendants acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights and an FTCA claim that Defendants acted negligently in treating his chronic medical conditions. The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(*quoting* Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *See also* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), *quoting* Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation); The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of

the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), *citing* Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (*citing* Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(*quoting* Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). *See also* White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.") A medical need serious enough to give rise to an Eighth Amendment claim involves a condition which places an inmate at substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment causes continuous severe pain. The Fourth Circuit stated the applicable standard in Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990), as follows:

> To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. *

9

> * * Deliberate indifference may be demonstrated by either actual intent or reckless disregard. * * * A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. * * * Nevertheless, mere negligence or malpractice does not violate the eighth amendment. (Citations omitted)

See also Sosebee v. Murphy, 797 F.2d 179, 183 (4th Cir. 1986)(Facts indicating that guards were aware that inmate's condition had worsened and was life-threatening and intentionally ignored the situation and refused to seek medical assistance provided a reasonable basis for finding deliberate indifference to inmate's medical needs.); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, Moffitt v. Loe, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980)(Pretrial detainee's allegations of delay in treatment of his broken arm indicated a reasonable basis for inferring deliberate indifference to his serious medical needs.); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975)(Summary judgment for defendants affirmed where claim that inmate received constitutionally inadequate medical treatment involved a question of medical judgment not subject to judicial review.). First therefore, Plaintiff in this case must allege and eventually establish a "sufficiently serious" deprivation of adequate medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim. Second, to establish the subjective component of deliberate indifference, Plaintiff must allege and prove each defendant's consciousness of the risk of harm to him. See Farmer, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish each Defendant's awareness that he was receiving constitutionally inadequate medical care and disregard for the serious physical and mental consequences.

Reading the documents which Plaintiff has filed liberally as the Court must, the undersigned finds that the factual allegations as they may be found in and gathered from the record do not indicate that Plaintiff's rights under the Eighth Amendment have been or likely will be violated. The undersigned finds that Plaintiff's allegations indicate his disagreement with decisions of medical personnel at FCI Beckley respecting the need for surgery and treatment of his medical conditions. Plaintiff's disagreement with medical personnel about the need for surgery and treatment of his medical conditions will not support his Eighth Amendment claim. *See* Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.") Additionally, there is no indication that Plaintiff's medical conditions were potentially life threatening or permanently disabling such that Defendants' alleged failure to treat them was in violation of Plaintiff's Eighth Amendment right. It is not clear therefore that Plaintiff might suffer irreparable harm.[3] The undersigned concludes, therefore, that the facts as they are evident in the documents which Plaintiff has filed do not indicate so clear a violation of Plaintiff's Eighth Amendment right that injunctive relief is appropriate.

Viewing Plaintiff's claims as alleging medical malpractice under the FTCA, the undersigned finds no indication in the record that Plaintiff has complied with the notice and prescreening requirements of the West Virginia Medical Professional Liability Act [MPLA], W. Va. Code §

---

[3] Plaintiff indicates in his correspondence to the Court in December, 2007, that "I have been released from FCI Beckley since August 27, 2007. . .." (Document No. 109.) The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on February 21, 2008. Because Plaintiff is apparently no longer receiving treatment for his chronic medical conditions at FCI Beckley, the circumstances which require the issuance of injunctive relief as Plaintiff asserts no longer exist, and his Motion for a Temporary Restraining Order and a Preliminary Injunction may also be denied as moot.

55–7B-6. It appears therefore that Plaintiff cannot maintain a negligence action for medical malpractice pursuant to the FTCA because Plaintiff failed to comply with the pre-filing requirements of the MPLA. The notice and prescreening requirements of the MPLA are substantive and operate in addition to those contained in the FTCA. Stanley v. United States, 321 F. Supp.2d 805 (N.D.W.Va. 2004); See also Muhammad v. United States, Civil Action No. 1:04-252, 2006 WL 2473424 (N.D.W.Va. Aug. 25, 2006), Morell v. United States, Civil Action No. 5:05-171, 2007 WL 1097871(N.D.W.Va. Apr. 12, 2007)(*pro se* prisoners' FTCA claims dismissed for failure to comply with MPLA). Because it is doubtful that Plaintiff can sustain his claims under the FTCA, injunctive relief is not appropriate.

      **C.**    **Plaintiff's Affidavit for Entry of Default.**

Plaintiff requests that the District Court enter default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure "for their failure and refusal to answer all discovery requests under the Rules of discovery." Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." Failing to respond to discovery requests is not a basis for the entry of default judgment under Rule 55(a). Defendants entered a pleading in this case by filing their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 31.) Accordingly, there is no basis for the entry of Default Judgment under Rule 55(a), and Plaintiff's request for iti should be denied.

**PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings of fact and **RECOMMENDS** that the Court **GRANT** Defendant Rowe's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 64) and

12

**DENY** Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Document No. 82.) and Plaintiff's Motion for Default Judgment (Document No. 86.)

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and deliver a copy to counsel of record. The undersigned notes that Plaintiff indicates in his last correspondence to the Court that his current address as 132 E. 6th St., Michigan City, Indiana 46360. (Document No. 109.)

Date: February 27, 2008.

R. Clarke VanDervort
United States Magistrate Judge